

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00849-CV

Craig Erich **HEILMANN**,
Appellant

v.

Deanna Rae **HEILMANN**,
Appellee

From the 166th Judicial District Court, Bexar County, Texas
Trial Court No. 2000-CI-02542
Honorable Laura Salinas, Judge Presiding[1]

Opinion by:     Irene Rios, Justice

Sitting:        Luz Elena D. Chapa, Justice
                Irene Rios, Justice
                Liza A. Rodriguez, Justice

Delivered and Filed: October 28, 2020

AFFIRMED

We issued our original opinion and judgment on August 5, 2020. Thereafter, appellant Craig Heilmann ("Heilmann") filed a motion for rehearing. We deny the motion for rehearing; however, to expand our analysis of issues one and two, we withdraw our August 5, 2020 opinion and judgment and substitute this opinion and judgment in their stead.

---

[1]The Honorable Laura Salinas signed the final order, and the Honorable John Gabriel signed both the turnover order and the amended order for turnover relief.

This appeal arises out of a post-divorce proceeding between Heilmann and DeEnna Jensen Heilmann ("Jensen"). In six issues, Heilmann challenges the trial court's order confirming arbitration awards and the trial court's order for turnover relief. We affirm.

### THE ARBITRATION AWARDS

#### *Background*

Heilmann and Jensen divorced in June 2000. Following several years of litigation, Heilmann and Jensen executed an arbitration agreement[2] and participated in arbitration, which took place on February 27, 2018, and February 28, 2018. The arbitrator issued six arbitration awards. The first five arbitration awards issued on May 8, 2018, June 20, 2018, July 13, 2018, July 23, 2018, and August 8, 2018, respectively. Following each of the first five arbitration awards, the parties submitted clarification issues to the arbitrator, who addressed each clarification request in the subsequent award.

On August 22, 2018, Jensen filed a motion to approve the arbitrator's awards. Later the same day, the arbitrator issued the sixth and final arbitration award, and Jensen filed a supplemental exhibit to support her motion to approve the arbitration awards which included the arbitrator's Partial Arbitration Award No. 6. A hearing was set for six days later.

On August 28, 2018, the trial court held a hearing on Jensen's motion to approve the arbitrator's awards. During the hearing, Heilmann's counsel announced "not ready" and orally requested a thirty-day continuance. The trial court denied counsel's request and stated, "I'm going to go ahead and confirm." Heilmann's counsel then requested a recess to file a motion to vacate the arbitration awards. The trial court responded that it could not consider a motion that was not before it and denied counsel's request. Following the hearing, but on the same day—August 28,

---

[2]The parties' agreement regarding mediation and arbitration refers to the Texas Civil Practices and Remedies Code Chapter 171, the Texas Arbitration Act.

2018—Heilmann filed a motion to vacate the arbitration award. On August 30, 2018, the trial court signed the final order approving and confirming the six arbitration awards.

On September 28, 2018, Heilmann filed a motion to modify judgment, or in the alternative, to correct arbitration awards. On October 9, 2018, Heilmann filed a supplemental motion. On October 10, 2018, the trial court denied Heilmann's motion.

In issues one and two, Heilmann contends the trial court erred by confirming the arbitration award and denying his motion to modify the final judgment or to correct the arbitration awards. Heilmann argues the amounts awarded for both child support and non-child support contain errors relating to the interest rates applied and the calculation of interest. Heilmann also argues the order contains the incorrect date upon which post-judgment interest should begin to accrue.

### *Standard of Review*

We review a trial court's decision to confirm or vacate an arbitration award under a de novo standard. *GJR Mgmt. Holdings, L.P. v. Jack Raus, Ltd.*, 126 S.W.3d 257, 262 (Tex. App.—San Antonio 2003, pet. denied). We afford great deference to the trial court's decision to confirm an arbitration award and indulge every reasonable presumption in favor of the trial court's decision. *Id*. Judicial review of an arbitration award is extraordinarily narrow. *E. Tex. Salt Water Disposal Co. v. Werline*, 307 S.W.3d 267, 271 (Tex. 2010). Although we review de novo a trial court's judgment confirming an arbitration award, "we give strong deference to the arbitrator with respect to issues properly left to the arbitrator's resolution." *Am. Realty Trust, Inc. v. JDN Real Estate–McKinney L.P.*, 74 S.W.3d 527, 531 (Tex. App.—Dallas 2002, pet. denied).

### *Applicable Law*

The Texas Arbitration Act ("TAA") provides, "[o]n application of a party, the court shall vacate an award" when certain specified conditions are met. TEX. CIV. PRAC. & REM. CODE

§ 171.088(a). A party seeking to vacate an arbitration award must present any grounds for doing so to the trial court, otherwise, those complaints are waived on appeal. *See Ewing v. Act Catastrophe–Tex. L.C.*, 375 S.W.3d 545, 549 (Tex. App.—Houston [14th Dist.] 2012, pet. denied); TEX. R. APP. P. 33.1(a). "[A]pplications to confirm or vacate an arbitration award should be decided as other motions in civil cases; on notice and an evidentiary hearing if necessary." *Crossmark, Inc. v. Hazar*, 124 S.W.3d 422, 430 (Tex. App.—Dallas 2004, pet. denied); *see* TEX. CIV. PRAC. & REM. CODE § 171.093.

Further, "[a] motion to vacate, to modify, or to correct an arbitration award must be raised or considered before or simultaneously with a motion to confirm the award." *Hamm v. Millennium Income Fund, L.L.C.*, 178 S.W.3d 256, 269 (Tex. App.—Houston [1st Dist.] 2005, pet. denied). Otherwise, the complaint is waived. *Black v. Shor*, 443 S.W.3d 154, 163-64 (Tex. App.—Corpus Christi 2013, pet. denied); *see GJR Mgmt. Holdings*, 126 S.W.3d at 260 (concluding a motion filed after the trial court had already confirmed the award was untimely). Thus, a party must assert a motion to vacate, modify, or correct an arbitration award by the time the court considers a motion to confirm the award. *Hamm*, 178 S.W.3d at 266. A party that moves to vacate, modify, or correct an arbitration award after the award has been confirmed has waived that challenge. *First Tex. Homes, Inc. v. Provost*, No. 10-18-00202-CV, 2020 WL 1182041, at *1 (Tex. App.—Waco Mar. 11, 2020, no pet.); *Hamm*, 178 S.W.3d at 268. A trial court does not abuse its discretion by denying an untimely motion to vacate, modify, or correct an arbitration award. *Quickset Concrete, Inc. v. Roeschco Constr., Inc.*, No. 05-16-00509-CV, 2017 WL 4021113, at *4-5 (Tex. App.—Dallas Sept. 13, 2017, pet. denied) (mem. op.); *Hamm*, 178 S.W.3d at 268. As the First Court of Appeals explained in *Hamm*:

> Case law indicates that, once the arbitration award has been confirmed without challenge and final judgment has been rendered, the award can be vacated only if the judgment can be vacated, and to vacate the judgment an adequate excuse must

be shown for not having presented objections to the award when the motion to confirm was heard.

178 S.W.3d at 269 (internal quotations omitted).

### *Discussion*

Texas law favors arbitration. *Werline*, 307 S.W.3d at 271. A trial court may set aside an arbitration award only in limited circumstances. *Hoskins v. Hoskins*, 497 S.W.3d 490, 494-95 (Tex. 2016); *Gordon v. Nickerson*, No. 03-18-00228-CV, 2019 WL 2147587, at *2 (Tex. App.—Austin May 17, 2019, pet. denied) (mem. op.). Absent specific statutory grounds for vacating, modifying, or correcting an arbitration award, the trial court must confirm it. *Hoskins*, 497 S.W.3d at 495; *Gordon*, 2019 WL 2147587, at *2; TEX. CIV. PRAC. & REM. CODE § 171.087.

During the August 28, 2018 hearing, Heilmann's counsel informed the trial court that she had not had time to file a motion to vacate. Counsel initially requested a continuance, and then a recess, to file a motion to vacate. The trial court noted, however, that a motion to vacate could not be considered at that time because the motion to vacate was not already before the court. Because Heilmann filed his motion to vacate the same day as the hearing but did so after the hearing concluded, the motion was not before the trial court so that it could be considered simultaneously with the motion to confirm.

Although Heilmann filed a motion to vacate the same day as the hearing, the record indicates Heilmann did not set his motion for a hearing. *See In re Amaro*, No. 13–17–00185–CV, 2017 WL 2979903, at *5 (Tex. App.—Corpus Christi July 11, 2017, orig. proceeding) (mem. op.) (noting "'movant has the burden to set a hearing on [a] motion or make a direct request to a trial judge for a hearing'") (quoting *Enriquez v. Livingston*, 400 S.W.3d 610, 619-20 (Tex. App.—Austin 2013, pet. denied)); *see also Doss v. Robinson*, No. 04–16–00560–CV, 2017 WL 2124488, at *3 (Tex. App.—San Antonio May 17, 2017, no pet.) (mem. op.) (noting the burden is on the

party to set a motion for a hearing). Until a party requests a setting, a motion is not "pending before the court for its consideration." *See Hamm*, 178 S.W.3d at 262.

Additionally, Heilmann filed his motion to modify the judgment or to correct the arbitration awards and his supplemental motion on September 28, 2018, and October 9, 2018, respectively, which was well after the August 30, 2018 final order confirming the arbitration award. The trial court signed an order denying Heilmann's motion to modify the judgment or to correct the arbitration awards on October 10, 2018. Because Heilmann's motions to vacate or modify the arbitration awards were not raised or considered before or simultaneously with Jensen's motion to confirm the arbitration awards, Heilmann waived these complaints. *See Provost*, 2020 WL 1182041, at *2 (concluding appellant's challenge to the arbitration award was waived when appellant did not file a motion challenging the arbitration award until one month after the trial court had signed the order confirming the arbitration award); *Hamm*, 178 S.W.3d at 268 (noting that a party who moves to vacate, modify, or correct an arbitration award after the award has been confirmed and final judgment rendered has waived that challenge). The trial court did not abuse its discretion by denying Heilmann's post-judgment motion. *See Provost*, 2020 WL 1182041, at *1 (noting that when a party waits to file a motion to vacate, modify, or correct an arbitration award until after the award has been confirmed "a trial court does not *per se* abuse its discretion if it overrules [the] post-judgment motion to vacate, modify, or correct [the] arbitration award."); *Quickset Concrete*, 2017 WL 4021113, at *4-5 (concluding the trial court did not abuse its discretion by denying a motion for new trial and to modify the arbitration award when the appellant did not challenge the award in the trial court until after the award was confirmed and judgment was rendered); *Hamm*, 178 S.W.3d at 272 (concluding the trial court was entitled to summarily deny an untimely motion to vacate or modify an arbitration award).

In the absence of specific statutory grounds for vacating, modifying, or correcting an arbitration award, the trial court must confirm an arbitration award. *See Hoskins*, 497 S.W.3d at 495; *Hamm*, 178 S.W.3d at 262; TEX. CIV. PRAC. & REM. CODE § 171.087. We conclude the trial court properly confirmed the arbitration awards. *See Provost*, 2020 WL 1182041, at *2; *Quickset Concrete*, 2017 WL 4021113, at *4-5; *Hamm*, 178 S.W.3d at 272.

Issues one and two are overruled.

## THE TURNOVER ORDER

### *Background*

On September 7, 2018, Jensen filed an application for turnover relief. On the same day, the trial court signed an order for turnover relief. On October 8, 2018, Heilmann filed a motion to vacate, or in the alternative, modify the order for turnover relief. On October 18, 2018, Jensen filed a supplemental application for turnover relief. On October 19, 2018, the trial court held a hearing and, thereafter, signed an amended order for turnover relief.

### *Standard of Review and Applicable Law*

We review a turnover order for an abuse of discretion. *Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 226 (Tex. 1991); *Stanley v. Reef Secs., Inc.*, 314 S.W.3d 659, 665 (Tex. App.—Dallas 2010, no pet.). Lack of evidence to support a turnover order is a relevant consideration in determining whether the trial court abused its discretion in rendering the order. *Buller*, 806 S.W.2d at 226; *Tanner v. McCarthy*, 274 S.W.3d 311, 322 (Tex. App.—Houston [1st Dist.] 2008, no pet.). A trial court's issuance of a turnover order is governed by Texas Civil Practice and Remedies Code section 31.002. *See* TEX. CIV. PRAC. & REM. CODE § 31.002. Although section 31.002 does not specify the manner in which evidence may be received or require evidence to be in any particular form, at any particular level of specificity, or reach any particular quantum, a trial court must have some evidence before it establishing the necessary conditions for section 31.002 to apply. *Tanner*,

274 S.W.3d at 322; *Clayton v. Wisener*, 169 S.W.3d 682, 683-84 (Tex. App.—Tyler 2005, no pet.) (concluding the trial court abused its discretion in rendering a turnover order based only on the motion and argument of the judgment creditor's counsel and without any evidence the judgment debtor possessed nonexempt property).

Under section 31.002(a), a judgment creditor is entitled to a turnover order "to reach property to obtain satisfaction on the judgment if the judgment debtor owns property … that is not exempt from attachment, execution, or seizure for the satisfaction of liabilities." *See* TEX. CIV. PRAC. & REM. CODE § 31.002(a). "The turnover statute is purely procedural; its purpose is to ascertain whether an asset is either in the judgment debtor's possession or subject to its control." *Black v. Shor*, 443 S.W.3d 170, 174-75 (Tex. App.—Corpus Christi 2013, no pet.). The trial court may appoint a receiver with the authority to take possession of the nonexempt property, to sell it, and to pay the proceeds to the judgment creditor as required to satisfy the judgment. TEX. CIV. PRAC. & REM. CODE § 31.002(b)(3). The trial court is not required to identify in its order the specific property subject to turnover. *Id*. § 31.002(h). Additionally, the turnover statute itself does not require notice and a hearing prior to issuance of a turnover order. *See Matter of Marriage of Tyeskie*, 558 S.W.3d 719, 725 (Tex. App.—Texarkana 2018, pet. denied); *Black*, 443 S.W.3d at 181; *Sivley v. Sivley*, 972 S.W.2d 850, 860 (Tex. App.—Tyler 1998, no pet.) ("The statute itself does not provide for notice or a hearing to be afforded a judgment debtor in a turnover proceeding."); TEX. CIV. PRAC. & REM. CODE § 31.002.

Section 31.002 requires that the creditor show the debtor owns the property, including present or future rights to the property. TEX. CIV. PRAC. & REM. CODE § 31.002(a). The property must also not be exempt from attachment, execution, or seizure for the satisfaction of liabilities. *Id*. Therefore, issuance of a turnover order requires "a factual showing" that the judgment debtor owns non-exempt property. *Black*, 443 S.W.3d at 181. A trial court therefore abuses its discretion

by rendering a turnover order that is not supported by some evidence establishing the necessary conditions for the application of section 31.002. *Id.*

### *Discussion*

#### *1. Is the amended turnover order supported by sufficient evidence?*

In issues three and six, Heilmann argues the evidence is insufficient to support either the turnover order or the amended turnover order. In issue three, Heilmann specifically challenges the turnover order signed on September 7, 2018. However, as we noted above, the trial court signed an amended turnover order on October 19, 2018, which superseded the September 7, 2018 order. Therefore, any arguments relating to the September 7, 2018 order are moot.[3]

In issue six, Heilmann specifically complains that "no witnesses were called to testify other than regarding attorneys' fees" and that the documents presented by Jensen lack evidentiary support showing Heilmann "owns property, including present or future rights to property, that is not exempt from attachment, execution or seizure . . . ."

Although there must be some evidence that the judgment debtor has property that is not exempt from attachment, execution, or seizure for the satisfaction of liabilities, "[s]ection 31.002 does not specify or restrict, the manner in which evidence may be received in order for a trial court to determine whether the conditions of section 31.002(a) exist, nor does it require that such evidence be in any particular form, that it be at any particular level of specificity, or that it reach any particular quantum before the court may grant aid under section 31.002." *Tidwell v. Roberson*, No. 14-16-00170-CV, 2017 WL 3612043, at *6 (Tex. App.—Houston [14th Dist.] Aug. 22, 2017, pet. denied) (mem. op.) (quoting *Tanner*, 274 S.W.3d at 322); *see Blunck v. Blunck*, No. 03-15-00128-CV, 2016 WL 690669, at *2 (Tex. App.—Austin Feb. 18, 2016, pet. denied) (mem. op.).

---

[3]To the extent Heilmann raises any additional issues relating to the September 7, 2018 turnover order, those issues are also moot. Therefore, we address only issues raised relating to the amended turnover order.

Jensen submitted five exhibits during the October 19, 2018 hearing. In addition to other documents, Exhibit No. 1 includes the final order approving and confirming the arbitration award; the parties' divorce decree; the parties' agreement incident to divorce; and the petition and stipulated temporary order relating to Heilmann's divorce from his second wife ("the Michigan divorce"), as well as a proof of service for Heilmann. The final order addresses several issues, including child support, alimony, college expenses, health insurance, a stock sale, and life insurance and grants Jensen judgments in each of these areas. The divorce petition filed by Heilmann's second wife ("Bowen") was signed on June 8, 2018.

On July 10, 2018, Heilmann and Bowen signed a stipulated temporary order in which Heilmann agreed to pay $5,500.00 directly to Bowen for combined spousal and child support. The proof of service contained in Exhibit No. 1 indicates that Heilmann was served with interrogatories on August 2, 2018, at the same address listed on Heilmann's tax returns as Bowen's residence.

Exhibit No. 2 includes Heilmann's tax returns, W-2's, employee pay stubs, bank account statements, stock certificates, deeds, trust documents, and discovery responses, as well as temporary orders relating to the Michigan divorce proceeding and Heilmann's answer in the Michigan divorce proceeding. Thus, Jensen presented some evidence that Heilmann owns property, including present and future rights to property.

Once Jensen presented evidence that Heilmann owned property, the burden shifted to Heilmann to prove the property was exempt from turnover. *See Stanley*, 314 S.W.3d at 667. Heilmann did not produce any such evidence. We conclude the trial court had before it "some evidence ... establish[ing] that the necessary conditions for the application of 31.002 exist." *Tanner*, 274 S.W.3d at 322. Accordingly, the trial court did not abuse its discretion by granting Jensen's supplemental turnover application.

In issue six, Heilmann raises additional arguments that he did not receive proper notice as required by the Bexar County Local Rules ("Local Rules") and that turnover relief was not properly before the trial court because Jensen's supplemental turnover application was not set for a hearing. These arguments make issue six multifarious, and we are not required to address multifarious issues. *See Shull v. United Parcel Serv.*, 4 S.W.3d 46, 51 (Tex. App.—San Antonio 1999, pet. denied). However, we may consider multifarious issues if we "can determine, with reasonable certainty, the error about which complaint is made." *Id*.

In his first sub-issue, Heilmann complains that it was improper for the trial court to consider Jensen's supplemental turnover application and render the amended turnover order without notice and a hearing. However, as noted above, the turnover statute does not require notice and a hearing prior to issuance of a turnover order. *See Tyeskie*, 558 S.W.3d at 725; *Black*, 443 S.W.3d at 181; *Sivley*, 972 S.W.2d at 860 ("The statute itself does not provide for notice or a hearing to be afforded a judgment debtor in a turnover proceeding."); TEX. CIV. PRAC. & REM. CODE § 31.002.

In his remaining sub-issues, Heilmann complains the trial court failed to comply with the Local Rules. Heilmann cites to Local Rules 6.C. and 6.D., which relate to *ex parte* requests for temporary restraining orders and extraordinary relief, respectively. These rules do not support Heilmann's contention that notice and a hearing were required. Heilmann additionally cites to several other Local Rules but he offers no factual or legal analysis, thereby presenting nothing for our review. *See* TEX. R. APP. P. 38.1(i) ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record.").

Issues three and six are overruled.

### 2. *Does the amended turnover order improperly require assets be turned over directly to Jensen and her counsel?*

In issue four, Heilmann complains the amended turnover order improperly requires that assets be turned over directly to Jensen and her counsel. Heilmann specifically complains that sections (a) through (f) and (l) through (o) of the amended turnover order "improperly require that assets be provided to [Jensen] and [Jensen]'s counsel, for the benefit of [Jensen]."

In reviewing the language of sections (a) through (f) in the amended turnover order, we conclude that those sections specifically order that the respective assets be turned over to the court-appointed receiver, not to Jensen or her counsel. Further, section (l) orders Heilmann to appear at the court-appointed receiver's office with documents relating to non-exempt property. Sections (m) and (n) order Heilmann to deliver certain items to the court-appointed receiver, including items "held under the control of or under the name of any company in which [Heilmann] has an ownership interest" and "documents representing ownership of or rights of any company in which [Heilmann] has an ownership interest … ." Finally, section (o) orders that Jensen may issue child support liens and levies. In our review of the complained-of sections in the amended turnover order, we found that none of the complained-of sections ordered assets turned over directly to Jensen or her counsel. Accordingly, we conclude Heilmann's complaint lacks merit.

Issue four is overruled.

### 3. *Does the amended turnover order improperly award relief against non-parties?*

In issue five, Heilmann argues the turnover order improperly awards relief against non-parties and exceeds the trial court's jurisdiction.[4] Heilmann specifically points to sections (e) and

---

[4]In issue five, Heilmann additionally argues the trial court exceeded its jurisdiction by improperly placing Heilmann's causes of action in the Michigan divorce case in the hands of the court-appointed receiver. We do not address this argument. The argument makes issue five multifarious, and this court is not required to address multifarious issues. *See Shull v. United Parcel Serv.*, 4 S.W.3d 46, 51 (Tex. App.—San Antonio 1999, pet. denied).

(j), as well as the injunctive relief that follows section (o) of the amended turnover order to support his argument that the amended order improperly awards relief against non-parties.

In his brief, Heilmann does not identify the "non-parties" against whom he alleges the amended turnover order improperly awards relief. Section (e) orders that Heilmann turn over to the court-appointed receiver "any and all causes of action, claims or litigations of any kind or nature, including but not limited to any and all monetary claims, commercial claims, personal injury claims, partition suits and all claims of any kind or nature" relating to the Michigan divorce proceeding. By its language, section (e) does not award relief against a non-party. Rather, section (e) orders Heilmann to turn over only ***Heilmann's*** causes of action in the Michigan divorce proceeding to the court-appointed receiver. "Generally, causes of action constitute property subject to turnover by a court." *D & M Marine, Inc. v. Turner*, 409 S.W.3d 853, 857 (Tex. App.—Fort Worth 2013, no pet.). "Specifically permitted as subjects of a turnover order are causes of action against third parties to a judgment creditor who [has] the same interest in pursuing them to maximum value as the judgment debtor." *Id.* (internal quotations omitted). Here, Jensen and Heilmann's shared interest is to maximize the marital estate.

With regard to section (j), Heilmann specifically complains section (j) places the "entire" Michigan divorce proceeding and the "assets of non[-]party businesses, including mail, in the hands of the receiver." Section (j) appoints the receiver and authorizes him to obtain documents relating to Heilmann's "retirement account, pension, stock options, 401(k), IRA or savings plan, equity compensation, stock units or shares of IBM stock including … any retirement account or stock options at [three corporations]." The turnover order also authorizes the receiver to take possession of Heilmann's interest in any business or venture in four named entities. Lastly, the turnover order also authorizes the receiver to obtain documents from the Heilmann Family Trust,

which was created by Heilmann and Bowen, relating to its creation, assets owned, and assets conveyed into or out of the trust.

Section (j) gives the receiver authority to hire counsel for the purpose of defending, protecting, and maximizing Heilmann's interests in the Michigan divorce proceeding. Section (j) further authorizes the receiver to gather documents and take actions necessary to collect judgments, including taking possession of Heilmann's nonexempt real and personal property, selling that property, and paying the proceeds to [Jensen] to the extent required to satisfy the judgments. We conclude that section (j) is directed only at Heilmann and his interests.

Finally, the injunctive relief following section (o) by its language does not award relief against a non-party. Rather, **Heilmann** is enjoined from conveying, encumbering, abandoning, waiving, or transferring any non-exempt property, assets, or claims until the underlying judgments are satisfied. Additionally, **Heilmann** is enjoined from "engaging in any action or agreeing to any order, including actions and orders [in the Michigan divorce proceeding] … that would reduce the amounts currently being withheld from [his] wages … available to pay the arbitration awards." Again, the complained-of sections are directed solely at Heilmann and his interests.

In our review of the complained-of sections in the amended turnover order, we found no sections that awarded relief against non-parties. Accordingly, we conclude Heilmann's complaint lacks merit.

Issue five is overruled.

## CONCLUSION

For the above reasons, we affirm the trial court's final order and the trial court's amended order for turnover relief.

Irene Rios, Justice

- 14 -